**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Virginia HARPER, Defendant-Appellant.**

No. 71-1368.

United States Court of Appeals,
Seventh Circuit.

March 27, 1972.

Patrick T. Murphy, Chicago, Ill., for defendant-appellant.

James R. Thompson, U. S. Atty., John Peter Lulinski, Jeffrey Cole, Asst. U. S. Attys., Chicago, Ill., for plaintiff-appellee.

Before DUFFY, Senior Circuit Judge, STEVENS, Circuit Judge and GRANT *, District Judge.

DUFFY, Senior Circuit Judge.

After a bench trial, defendant was convicted on two counts of attempting to pass two separate United States Treasury checks with forged signatures in violation of 18 U.S.C. § 495. Defendant was sentenced for a period of one year on Count I. She was given a suspended sentence with a five-year probation period with respect to Count II.

On this appeal, defendant does not contest her conviction on Count I. She does vigorously contest her conviction on Count II.

Evidence received on the trial discloses that defendant attempted to cash the check described in Count II at a Currency Exchange at 63rd Street and South Cottage Grove Avenue in Chicago on May 26, 1969. One Miss Edwards was the employee at the Exchange who was approached by defendant. Miss Edwards testified she knew the defendant and had cashed a "dozen or so" checks for defendant during the two preceding years.

Miss Edwards testified that defendant presented for payment a check endorsed to Cynthia Sparkman. Upon checking the files, Miss Edwards could not find a reference card for Cynthia Sparkman. She then refused to cash the check.

The defendant was identified by Miss Edwards as the person who attempted to pass the check. Miss Edwards also testified she called two other Currency Exchanges warning them about the Sparkman check.

Miss Edwards identified Government Exhibit No. 2 as the check which was presented to her by the defendant, and

---

* Chief District Judge Robert A. Grant of the Northern District of Indiana is sitting by designation.

said that the check was distinguishable because it was marked "Duplicate."

The other Government witness was W. A. Schulenberg, a handwriting expert who gave his opinion that the signature on Exhibit No. 2 was that of Miss Harper. He did say his opinion was "slightly qualified." The only reason for that slight qualification was merely the fact that the letters in the handwriting exemplars did not always appear in the same sequence as on the check introduced into evidence by the Government as its Exhibit No. 2.

The defendant insists it was error to permit the testimony of the expert to be received when there was no evidence introduced as to how the Government obtained possession of the check, how the check was forwarded to the handwriting expert and how it was returned to the trial court.

Both parties cite United States v. Blue, 440 F.2d 300 (7 Cir., 1971), cert. den. 404 U.S. 836, 92 S.Ct. 123, 30 L. Ed.2d 68 (1971), with reference to whether, in this case, it was incumbent on the Government to show a complete chain of custody of the forged check.

In the *Blue* case, we state at page 303—"The chain of custody is not relevant when a witness identifies the object as the actual object about which he has testified."

The trial court in the findings of fact of this case made a specific finding to the effect that "Miss Edwards was not mistaken when she said this particular check, Government's Exhibit No. 2 was the check presented on the occasion in question as set out in Count II of this indictment."

This finding and the record of the trial court clearly establish that Miss Edwards made a positive identification of the check in question. Therefore, as *Blue, supra,* has determined, it is not necessary to establish a chain of custody of the check in this case since its identity has been established.

We hold that the judgment of the District Court should be and is

Affirmed.